UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAMNANG RITH, | ) | 1:10-CV-00797 SMS HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS |
| | ) | [Doc. #10] |
| v. | ) | |
| | ) | ORDER DISMISSING PETITION AND |
| | ) | DIRECTING CLERK OF COURT TO ENTER |
| KENNETH CLARK, Warden, | ) | JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING ISSUANCE OF |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by guilty plea on May 29, 2002, to attempted murder with the use of a firearm plus a gang enhancement. Petitioner was sentenced to serve a determinate term of 20 years and four months.

Petitioner did not appeal. He later filed five post-conviction collateral challenges with respect to the pertinent judgment in the state courts as follows:

---

[1] The background is derived from the state court documents lodged by Respondent and are not subject to dispute.

1.  Fresno County Superior Court
    Filed: October 16, 2007[2];
    Denied: January 11, 2008;

2.  California Court of Appeal, Fifth Appellate District
    Filed: March 9, 2008;
    Denied: March 21, 2008;

3.  Fresno County Superior Court
    Filed: June 22, 2008;
    Denied: July 31, 2008;

4.  California Court of Appeal, Fifth Appellate District
    Filed: September 3, 2008;
    Denied: September 19, 2008;

5.  California Supreme Court
    Filed: October 28, 2008;
    Denied: May 13, 2009.

On April 30, 2010, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On July 27, 2010, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition on August 19, 2010. On September 2, 2010, Respondent filed a reply to the opposition.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

---

[2] Pursuant to the mailbox rule, the Court deems the various petitions filed on the dates they were signed and presumably handed to prison authorities for mailing. Rule 3(d), Rules Governing Section 2254 Cases; Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001).

Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on April 30, 2010, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, judgment was rendered on May 29, 2002, and Petitioner did not file an appeal. Pursuant to Rule 8.308 of the California Rules of Court, Petitioner had sixty (60) days in which to file a notice of appeal. People v. Mendez, 81 Cal.Rptr.2d 301, 302, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999). Because Petitioner did not file a notice of appeal, his direct review concluded on July 28, 2002, at the expiration of the sixty-day period. The statute of limitations commenced on the following day, July 29, 2002, and expired one year later on July 28, 2003. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.2001). Here, Petitioner delayed filing the instant petition until April 30, 2010, exceeding the due date by nearly seven years. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). If the state court states the petition was untimely, "that [is] the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was "entangled" with the merits." Carey, 536 U.S. at 226; Pace, 544 U.S. at 414.

In this case, the statute of limitations began to run on July 29, 2002, and expired one year later on July 28, 2003. Petitioner did not file any post-conviction collateral challenges with respect

1  to the pertinent judgment during this time period.  He did file five petitions in the state courts, but
2  the limitations period had long before expired.  Therefore, he is not entitled to tolling pursuant to 28
3  U.S.C. § 2244(d)(2).  <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir.2001).  The instant petition is
4  untimely and must be dismissed.

5  <u>D.  Later Start Date of Limitations Period Pursuant to 28 U.S.C. § 2244(d)(1)(B)</u>

6    In his opposition to Respondent's motion to dismiss, Petitioner references § 2244(d)(1)(B)
7  and argues he was faced with an "unconstitutional impediment."  He claims his trial counsel caused
8  an impediment by failing to timely file a notice of appeal.  Although he does not make the specific
9  argument, it is possible Petitioner is attempting to obtain a later start date to the statute of limitations
10  pursuant to § 2244(d)(1)(B).  However, this subsection is inapplicable because ineffective assistance
11  of counsel does not constitute "State action in violation of the Constitution or laws of the United
12  States." 28 U.S.C. § 2244(d)(1)(B).  See <u>Ramos v. Carey</u>, 2003 WL 21788799 (N.D. Cal.2003),
13  *judgment aff'd*, 114 Fed.Appx. 847 (9th Cir.2004) (an attorney's failure to file an appeal is not an
14  impediment "created by State action").

15  <u>E.  Equitable Tolling</u>

16    The limitations period is subject to equitable tolling if the petitioner demonstrates: "'(1) that
17  he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
18  way' and prevented timely filing." <u>Holland v. Florida</u>, __ U.S. __, 130 S.Ct. 2549, 2560 (2010),
19  *quoting*, <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). Petitioner bears the burden of alleging
20  facts that would give rise to tolling. <u>Pace</u>, 544 U.S. at 418; <u>Smith v. Duncan</u>, 297 F.3d 809 (9th
21  Cir.2002); <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395 (9th Cir.1993).

22    In his opposition, Petitioner argues that the ineffective assistance of trial counsel created an
23  impediment that prevented him from timely filing his federal petition.  Garden variety claims of
24  excusable neglect, such as a simple miscalculation causing a missed deadline, do not warrant
25  equitable tolling. <u>Holland</u>, 130 S.Ct. at 2564, *citing*, <u>Irwin v. Department of Veterans Affairs</u>, 498
26  U.S. 89, 96 (1990).  Only in extraordinary cases will the ineffective assistance of counsel warrant
27  equitable tolling.  <u>Holland</u>, 130 S.Ct. at 2564.

28    In <u>Holland</u>, the petitioner's attorney failed to file his federal petition on time despite the

petitioner's many letters that repeatedly emphasized the importance of his doing so. Id. The attorney also failed to do the research necessary to find out the proper filing date, despite the petitioner's letters that went so far as to identify the applicable legal rules. Id. The attorney failed to inform the petitioner in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite the petitioner's many pleas for that information. Id. And finally, the attorney failed to communicate with his client over a period of years, despite various pleas from the petitioner that the attorney respond to his letters. Id.

As Respondent persuasively argues, the instant case is distinguishable from Holland. Here, Petitioner's trial counsel was not charged with filing his federal petition as counsel was in Holland. Therefore, counsel's actions did not directly cause the federal petition to be untimely, as counsel's actions did in Holland. Moreover, the alleged ineffective assistance of counsel took place seven years prior to the filing of the federal petition. Trial counsel had nothing to do with the five state habeas petitions or the instant federal petition, and his alleged ineffectiveness cannot be considered an impediment that prevented Petitioner from filing his federal petition. Further, Petitioner has not demonstrated diligence. He delayed over five years after counsel's alleged ineffectiveness before filing his first state habeas petition. In addition, he delayed almost a year after his state collateral review concluded before he filed the instant federal petition. His lack of diligence precludes an award of equitable tolling. Pace, 54 U.S. at 419. The petition is untimely and must be dismissed.

F.  Actual Innocence

Petitioner also claims he should be excused from the statute of limitations because he is actually innocent of the underlying offense. Recently, in Lee v. Lampert, 610 F.3d 1125, 1136 (9th Cir. 2010), the Ninth Circuit held that "there is no 'actual innocence' exception to the one-year statute of limitation for filing an original petition for habeas corpus relief." Therefore, Petitioner's argument is meritless.

**CERTIFICATE OF APPEALABILITY**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue

a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

>   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
>   (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>   (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

///

///

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss the petition is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period;

3) The Clerk of Court is DIRECTED to enter judgment for Respondent and close the case; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   September 9, 2010**               /s/ Sandra M. Snyder
                                                                         UNITED STATES MAGISTRATE JUDGE